Robert R. Ridl, C.P.A. Director of Local Governments Audits Office of State Auditor 200 East 14th Avenue Denver, CO 80203
Dear Mr. Ridl:
This letter is in response to your request for an opinion concerning the legality of the investment of funds by certain Colorado local governments[1] in government investment trusts which are currently being marketed by various financial institutions as investment vehicles for governmental entities.
QUESTION PRESENTED AND CONCLUSION
May Colorado local governments lawfully invest in government investment trusts?
 Colorado local governmental units may pool funds for investment only in accordance with sections 24-75-701 and 24-75-702, C.R.S. (1986 Supp.).
ANALYSIS
You have submitted for my review several government investment trusts which have been marketed to various Colorado units of local government. This office has considered the legality of local government investments on several occasions in the past, and has consistently opined that section 24-75-601, C.R.S. (1982 1986 Supp.) permits only direct investments by local governments in authorized securities. See Op. Att'y Gen., Alpha Nos. LE AU AGBEK, LE AU AGAGG, LE AU AGAHD, issued November 23, 1979, October 23, 1981, and May 17, 1982, regarding investments in Merrill Lynch Government Fund, Inc., bank repurchase agreements, and bank repurchase agreements which provide for assignment of specific obligations to the United States Government. In the first of those opinions, this office stated that Colorado local governments could not invest in traditional mutual funds, in which shares of a private investment company rather than shares in the underlying trust assets are acquired; such action would not involve direct investments in authorized securities.
You have inquired here about investments in trusts known as "Massachusetts business trusts." According to the information which you have supplied, such trusts differ from traditional mutual funds with respect to the interests of the investors in the underlying trust answers: investors in "Massachusetts business trusts" acquire equitable undivided interests in the property held by the trustee. The purpose of government investment trusts like "Massachusetts business trusts" is to enable governmental units to combine their assets in order to take advantage of investment opportunities. The portfolios of such trusts are characteristically limited to securities which would constitute permissible direct investments of the participating governmental entities. Even though investments in "Massachusetts business trusts" are then, arguably direct investments in authorized securities, it is nonetheless my opinion that such investments are prohibited by law.
Lawful investments for the state and its political subdivisions are set forth in section 24-75-601, C.R.S. (1982 1986 Supp.), which statute is "mandatory and exclusive and subject only to such exceptions as are made by statute." Section 24-75-601(2), C.R.S. (1982). In 1983 the Colorado legislature enacted sections24-75-701 and 24-75-702, C.R.S. (1986 Supp.) to permit Colorado local governments to pool assets "in order to take advantage of short-term investments and maximize net interest earnings." Section 24-75-701, C.R.S. (1986 Supp.). Procedural requirements for the establishment of and participation in an authorized pooling mechanism as well as substantive requirements relating to the pooled trust arrangements were specifically prescribed by the legislature. Section 24-75-702, C.R.S. (1986 Supp.). The legislature did not, by passing such legislation, approve the participation by Colorado local governments in all pooling arrangements but only in those set up in accordance with and containing the safeguards set forth in such legislation.[2] Upon the information submitted to me, the "Massachusetts business trusts" do not appear to conform to such statutes; consequently, local government investments therein are unlawful.
SUMMARY
It is my opinion that Colorado local governmental units may pool funds for investment only in accordance with sections 24-75-701
and 702, C.R.S. (1986 Supp.).
Very truly yours,
 DUANE WOODARD Attorney General
PUBLIC FUNDS
Section 24-75-601, C.R.S. (1986 Supp.) Section 24-75-701, C.R.S. (1986 Supp.) Section 24-75-702, C.R.S. (1986 Supp.)
LOCAL GOV AUDITS REPORTS
Colorado local governments may pool funds only in accordance with sections 24-75-701 and 702.
[1] The scope of this opinion is limited to units of local government subject to section 24-75-601, C.R.S. (1982 1986 Supp.).
[2] Significantly, an amendment to section 24-75-601 was proposed during the last legislative session in 1987 H.B. 1043, which amendment would have specifically authorized local government investments in shares of investment companies registered under the federal "Investment Company Act of 1940." H.B. 1043 did not become law, however.